UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CR-60183-JIC

UNITED STATES OF AMERICA,

v.

EDWARD PERL,

    Defendant.
_____/

## ORDER DENYING EDWARD PERL'S MOTION FOR SEVERANCE

**THIS CAUSE** is before the Court on Defendant Edward Perl's Motion for Severance [DE 99] ("Motion").  The Court has reviewed the Motion, the United States' response [DE 121], and is otherwise advised in the premises.

The indictment in this case alleges that Edward Perl and his brother, Alan Perl, were phony references for Creative Concepts of America, Inc. ("Creative Concepts"), a company that sold Red Bull energy drink vending machine business opportunities.  Potential purchasers of Creative Concepts' business opportunities were falsely assured that they would receive ongoing customer support and reap the profits from Red Bull energy drinks sold from their machines.  The indictment further alleges that in phone calls with potential purchasers of Creative Concepts' business opportunities, Edward Perl and Alan Perl falsely stated that they had also purchased their own highly profitable Red Bull vending machines from Creative Concepts.

On February 12, 2008, the government interviewed Alan Perl and he admitted to being a phony reference.  He also implicated his brother, Edward Perl, by describing how Edward Perl had recruited him to be a phony reference for Creative Concepts.

The United States intends to introduce into evidence the substance of the interview. Edward Perl contends that Alan Perl's statements constitute testimonial hearsay. Motion at 1.  Specifically, Edward Perl submits that if Alan Perl does not testify at trial, "the introduction of these statements into evidence at a joint trial will violate [his] right of confrontation under the Sixth Amendment to the United States Constitution, as interpreted in Bruton v. United States, 391 U.S. 123 (1968) and its progeny, as well as the recent decision in Crawford v. Washington, 541 U.S. 36 (2004)." Id.  Consequently, Defendant Edward Perl requests that the Court sever his trial from the trial of Alan Perl because he contends that a joint trial would impermissibly violate his right of confrontation under the Sixth Amendment.

To prevail on a motion to sever, a defendant must demonstrate that "without severance he [would be] unable to receive a fair trial and that he [would suffer] actual compelling prejudice." United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998). "This is a heavy burden, and one which mere conclusory allegations cannot carry." United States v. Francis, 131 F.3d 1452, 1459 (11th Cir. 1997) (citation omitted).  The standard is high in part because judicial resources are precious and trials are time consuming.  "There is a preference in the federal system for joint trials of defendants who are indicted together.  Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice . . . .'" Zafiro v. United States, 506 U.S. 534, 537 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)).

Here, the undersigned finds that Edward Perl has failed to carry his heavy burden.  The United States has agreed not to offer "in any way the statements from

Alan Perl referencing [Edward] Perl, if the government seeks to admit Alan Perl's statements at trial through someone other than Alan Perl." DE 121 at 2. Moreover, the United States has offered a proposed redacted report that has no reference to Edward Perl's existence. See DE 121-2. As long as the statement at issue: (1) does not facially implicate the defendant; and (2) is not "obviously redacted," then its use will not violate Edward Perl's constitutional rights. See United States v. Williamson, 339 F.3d 1295, 1303-1304 (11th Cir. 2003). The proposed redacted report satisfies these requirements.

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Edward Perl's Motion for Severance [DE 99] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of November, 2010.

_____
JAMES I. COHN
United States District Judge